The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Joey Barnes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
EVIDENTIARY RULING
All objections raised by counsel at the depositions of Dr. Tejpal Dhillon and Dr. John Kolkin are ruled upon in accordance with applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in the Pre-Trial Agreement executed by the parties on 21 October 1992, as
STIPULATIONS
1. The date of plaintiff's alleged injury by accident is 19 August 1991.
2. An employer-employee relationship existed between plaintiff and defendant-employer at that time.
3. Transportation Insurance Company was the carrier on the risk at that time.
4. The parties were subject to and bound by the North Carolina Workers' Compensation Act at the time of the alleged incident.
5. The parties stipulated that at the time of the alleged injury, plaintiff's average weekly wage was $244.44.
6. The parties stipulated into evidence Industrial Commission Forms 18, 19, 22, 33 and 33R.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, a 33-year-old woman, began working for defendant-employer on 8 April 1991. Plaintiff's principal job while working for defendant-employer was that of a molder, which involved cutting material with a utility knife, placing the material onto a table and cutting it into a pattern, placing a screen on the pattern, flipping the material over and loading it into a press, operating the press and then removing the product, a satellite dish, from the press. The second aspect of the molder's job was to remove a dish from the conveyor, place it on a table, sand off excess material with a hand-sander, insert the dish into a drill fixture and remove and inspect the dish. When plaintiff was working as a molder, she would perform these tasks from 70 to 90 times per eight-hour-shift. The dishes with which plaintiff worked weighed from 9.5 to 14.5 pounds. In addition to plaintiff's job as a molder, plaintiff performed various other jobs around the plant, including painting and sweeping.
2. As a result of the repetitive job duties required by her work with defendant-employer, plaintiff began experiencing problems with tingling in her right arm on approximately 26 April 1991, which she reported to defendant-employer's plant nurse.
3. As a result of the repetitive job duties required by her work with defendant-employer, plaintiff developed tendinitis in her right extremity.
4. As a result of her employment with defendant-employer, plaintiff was placed at an increased risk of developing tendonitis as compared to the general public not so exposed.
5. As a result of her injury, plaintiff has been treated, in part, by Dr. Brammer, Dr. Tejpal Dhillon and Dr. John Kolkin, a Raleigh orthopedic surgeon and hand specialist.
6. Dr. Kolkin treated plaintiff conservatively with medication and physical therapy and released her from his care on 25 February 1992 to return to non-strenuous, non-repetitive work.
7. Defendant-employer has not offered plaintiff a job suitable to her capacity.
8. Defendants have not shown that plaintiff can obtain a job taking into account her specific limitations.
9. As a result of her tendonitis, plaintiff was incapable of earning wages with defendant-employer or in any other employment from 20 August 1991 and continuing.
10. Plaintiff has received six months of short-term disability benefits through a private plan of disability insurance made available to her through defendant-employer. Plaintiff paid 28% percent of the premiums for this policy.
* * * * * * * * * *
Based upon the Findings of Fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's tendonitis in her right extremity was significantly contributed to by causes and conditions characteristic of and peculiar to her employment, is not an ordinary disease of life to which the general public is equally exposed, and is, therefore, an occupational disease under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53 (13); Booker v. Duke Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979).
2. As a result of her occupational disease, plaintiff is entitled to have paid by defendants the reasonable medical expenses related to the diagnosis and treatment of said disease. N.C. Gen. Stat. § 97-25.
3. As a result of her occupational disease, plaintiff is entitled to be paid temporary total disability compensation by defendants, at the weekly rate of $162.96, from 20 August 1991 and continuing until defendants obtain permission from the Industrial Commission to cease payment of compensation. N.C. Gen. Stat. § 97-29; North Carolina Workers' Compensation Rule 404.
4. Defendants are not entitled to a credit for benefits paid through the short-term disability policy, as plaintiff was partially responsible for the payment of the premiums of said policy. N.C. Gen. Stat. § 97-42.
* * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. For plaintiff's temporary total disability, defendants shall pay plaintiff compensation at the rate of $162.96 per week from 20 August 1991 and continuing until defendants obtain permission from the Industrial Commission to cease payment of compensation. Accrued amounts shall be paid in a lump sum, subject to the attorney's fee approved in Paragraph Three of this Award.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of her occupational disease, when bills for the same shall have been submitted through defendant-carrier to the Industrial Commission and approved by the Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph One of this Award is approved for plaintiff's counsel and shall be paid as follows. Twenty-five percent of the accrued amount due plaintiff under Paragraph One of this Award shall be deducted from that amount and paid directly to plaintiff's counsel; thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs due this Commission.
This case is ORDERED REMOVED from the Full Commission docket.
 S/ ___________________ FORREST H. SHUFORD II DEPUTY COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ COY M. VANCE DEPUTY COMMISSIONER
FHSII/nwm 03/25/94